United States District Court
Southern District of Texas
**ENTERED**
January 31, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA K. BUNNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1820 |
| | § | |
| DEARBORN NATIONAL LIFE | § | |
| INSURANCE COMPANY, et. al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] are Plaintiff's Motion for Summary Judgment (Docs. 13 & 14) and Motion to Limit the Scope of the Administrative Record (Docs. 33 & 34), and Defendants' Motion to Dismiss (Doc. 12). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion for summary judgment and motion to dismiss be **DENIED** at this time and **ORDERS** that the motion to limit the scope is **DENIED**.

## I. Case Background

This lawsuit arises from the denial of long-term disability benefits contained in Plaintiff's employee welfare benefit plan. It is undisputed that the plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

Plaintiff made a claim for long-term disability benefits in or

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 30, Ord. Dated Oct. 2, 2018.

about August 2017.[2]   Defendants[3] denied Plaintiff's claim on September 25, 2017, on the basis that she had a pre-existing condition.[4]  Plaintiff was given 180 days to request a review of the decision in accordance with ERISA procedures.[5]  See 29 C.F.R. § 2560.503-1(h)(3)(i).  Plaintiff filed a timely request for review on March 22, 2018.[6]  This gave Defendants forty-five days to notify Plaintiff of their determination on review.   See 29 C.F.R. §§ 2560.503-1(i)(1)(i),(i)(3)(i).

On May 1, 2018, prior to Defendants' May 6, 2018, deadline, Defendants notified Plaintiff that they were extending the deadline by forty-five days to June 15, 2018, pursuant to ERISA procedures.[7] See id.  ERISA provides that if the plan administrator determines that special circumstances require an extension of time, the administrator may provide written notice to the claimant indicating the special circumstances and the date when a determination on review is expected.   See id.  The extension generally may not

---

[2]      See Doc. 1, Pl.'s Orig. Compl. p. 4.

[3]      Although not all Defendants were individually involved in each step of the review process, it is not currently necessary to distinguish each Defendant.  Accordingly, for ease of reading, the court refers to any Defendant as Defendants throughout this Memorandum, Recommendation, and Order.

[4]      See Doc. 2-2, Ex. B-1 to Pl.'s Orig. Compl., Sept. 25, 2017 Letter Denying Benefits.

[5]      See id.

[6]      See Doc. 2-2, Ex. B to Pl.'s Orig. Compl., Mar. 22, 2018, Request for Review.

[7]      See Doc. 3-22, Ex. J to Pl.'s Orig. Compl., May 1, 2018, Extension Letter.

exceed forty-five days, however, if the extension is due to the claimant's failure to submit requested information, then the period for making the determination on review is tolled until the claimant responds to the request for additional information.  See 29 C.F.R. §§ 2560.503-1(i)(4).  Defendants' extension letter stated that the extension was necessary because Defendants had not yet received all of Plaintiff's medical records that had been requested from Plaintiff's medical providers.[8]  Defendants' extension letter also stated that the forty-five day extension period would be tolled until June 15, 2018, or until Defendants received the missing medical records.[9]

Plaintiff immediately informed Defendants that she disagreed with their right to extend the deadline and toll the extension period.[10]  On May 22, 2018, Defendants informed Plaintiff that they were still waiting for the receipt of medical records from two medical providers and were continuing to toll the extension period as outlined in their May 1st extension letter.[11]  Plaintiff sent a response letter the next day repeating her disagreement with

---

[8]     See id.

[9]     See id.

[10]    See Doc. 3-23, Ex. K to Pl.'s Orig. Compl., Pl.'s Resp. Letter to May 1st Extension Letter.

[11]    See Doc. 3-24, Ex. L to Pl.'s Orig. Compl., Defs.' May 22, 2018, Update Letter.

Defendants' deadline extension and tolling.[12]  Plaintiff also detailed how the additional documents Defendants sought were irrelevant to Plaintiff's appeal.[13]  On May 31, 2018, Defendants responded to Plaintiff's letter and stated that, in conjunction with Plaintiff's letter, they would cease pursuing the additional medical records despite believing they would provide a full and fair review of Plaintiff's appeal.[14]  Accordingly, Defendants indicated that the tolling of the extension period ceased on May 23, 2018, and the deadline for a decision was now on July 12, 2018, forty-five days from May 23, 2018.[15]  Instead of waiting until July 12, 2018, Plaintiff filed this lawsuit on June 2, 2018.[16]  Despite the filing of the lawsuit, Defendants continued the appeal process and requested additional information from Plaintiff related to the appeal.[17]  Plaintiff took the position that she had exhausted her administrative remedies and refused to provide any additional documentation.[18]  On August 14, 2018, using the information they had been able to collect, Defendants rendered a final determination

---

[12]   See Doc. 3-25, Ex. M to Pl.'s Orig. Compl., Pl.'s Resp. Letter to May 22nd Update Letter.

[13]   See id.

[14]   See Doc. 3-26, Ex. N to Pl.'s Orig. Compl. Defs.' May 31, 2018, Letter to Pl.

[15]   See id.

[16]   See Doc. 1, Pl.' Orig. Compl.

[17]   See Doc. 21, Exs. 1, 2, & 3 to Defs.' Mot. for Extension of Time.

[18]   See Doc. 21, Exs. 4, 5, & 6 to Defs.' Mot. for Extension of Time.

denying Plaintiff's benefits on the basis that Plaintiff was not disabled and, even if she were disabled, the pre-existing conditions clause still applied.[19]

Defendants filed the pending motion to dismiss on August 1, 2018.[20]  Plaintiff filed the pending motion for summary judgment on August 3, 2018.[21]   On August 21, 2018, Defendants requested an extension to respond to Plaintiff's motion for summary judgment on the basis that Plaintiff's motion was premature.[22]  On November 5, 2018, the court held a hearing on Defendants' motion for an extension.   As a result of the hearing, the court granted the extension and ordered that Plaintiff file a motion to determine when the administrative process was complete.[23]  Plaintiff filed the pending motion to limit the scope of the administrative record on November 9, 2018.[24]

In Plaintiff's motion, she makes numerous allegations and objections outside the scope of the court's order and purports to supplement her motion for summary judgment.[25]  The court will only address Plaintiff's motion as it pertains to when the

---

[19]   See Doc. 21, Ex. 7, Defs.' Final Determination.

[20]   See Doc. 12, Defs.' Mot. to Dismiss.

[21]   See Doc. 13, Pl.'s Mot. for Summ. J.

[22]   See Doc. 20, Defs.' Mot. for Extension of Time.

[23]   See Doc. 32, Ord. Dated Nov. 5, 2018.

[24]   See Docs. 33 & 34, Pl.'s Mot. to Limit Scope.

[25]   See id.

administrative record closed.

Plaintiff argues that the administrative record closed on May 6, 2018, when she allegedly exhausted her administrative remedies, or in the alternative, on June 2, 2018, when she filed this lawsuit.[26]  Defendants argue that the administrative record closed on August 14, 2018, when they rendered their final determination.[27]

## II. Analysis

Under ERISA, a district court may review determinations made by an employee disability plan.  See 29 U.S.C. § 1132(a)(1)(B). Generally, "when assessing factual questions, the district court is constrained to the evidence before the plan administrator." Vega v. Nat'l Life Ins. Services, Inc., 188 F.3d 287, 299 (5th Cir. 1999) overruled on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008)).  It is the plan administrator's obligation to identify the evidence in the administrative record that it relied upon.  See id.  After the administrator has rendered a decision, the claimant may add to the administrative record by submitting additional evidence to the administrator and giving the administrator "a fair opportunity to consider it" before filing a lawsuit.  See id. at 299-300.

The Fifth Circuit has a "policy of encouraging the parties to make a serious effort to resolve their dispute at the

---

[26]    See id. pp. 16-17.

[27]    See Doc. 36, Defs.' Resp. to Pl.'s Mot. to Limit Scope.

6

administrator's level before filing suit in district court."
Robinson v. Aetna Life Ins. Co., 443 F.3d 389, 393 (5th Cir. 2006).
Unfortunately, in the present case, the parties have ignored the
Fifth Circuit's policy and much of the plain language of ERISA.
Plaintiff alleges that Defendants have violated many of ERISA's
provisions, including tolling their deadline for reasons not
provided for in ERISA.  Defendants counter that Plaintiff has
rushed to file a lawsuit before Defendants rendered a final
determination on Plaintiff's appeal.  The parties' conduct has led
to two competing views of a messy administrative record.  Under
ERISA, the court's job is to review a final decision of the plan
administrator, not to referee the administrative process for the
parties.

Plaintiff had an obligation to exhaust her administrative
remedies unless it was futile to do so.  See Bourgeois v. Pension
Plan for Employees of Santa Fe Intern. Corps., 215 F.3d 475, 479–80
(5th Cir. 2000).  To show futility a claimant must generally show
a "certainty of an adverse decision" or that her claim would not
have been considered.  See id. (internal quotation marks omitted).
Defendants indicated that they would no longer toll their deadline
and would render a decision by July 12, 2018.[28]  Rather than wait,
Plaintiff filed her lawsuit on June 2, 2018.[29]  Notably, if

---

[28]     See Doc. 3-26, Ex. N to Pl.'s Orig. Compl., Defs.' May 31, 2018,
Letter to Pl.

[29]     See Doc. 1, Pl.'s Orig. Compl.

Defendants had not tolled their deadline and had only used their one, forty-five day extension, their deadline would have been June 15, 2018.

Defendants extended the deadline by forty-five days because they had not received all of the necessary medical records from third-parties.[30]   After Plaintiff's appeal, it is understandable that Defendants might require additional medical records that they did not have during their original review, either because they were unnecessary or nonexistent at that time.   Defendants were still receiving medical records as late as June 6, 2018.[31]   The court finds that Defendants were allowed to extend the deadline by forty-five days due to these special circumstances.   Plaintiff filed her lawsuit before the end of the forty-five day extension period.[32] Thus, the court need not consider whether it was proper for Defendants to toll the deadline in addition to extending it.

At least one other case in the Fifth Circuit has dealt with a situation where: (1) a plaintiff filed a lawsuit before the plan administrator had made its final determination and before the plan administrator's deadline for that determination; (2) the plan administrator continued and finalized its review after the filing

---

[30]   See Doc. 3-22, Ex. J to Pl.'s Orig. Compl., May 1, 2018, Extension Letter.

[31]   See Doc. 34-3, Ex. U-4 to Pl.'s Mot. to Limit Scope, Pl.'s Objs. to Administrative Record pp. 4-6.

[32]   See Doc. 1, Pl.'s Orig. Compl.

of the lawsuit; and (3) the parties disputed what was included in the administrative record.   See Roig v. The Ltd. Long-Term Disability Program, Civ. Action No. 03-1059, 2004 WL 325219 (E.D. La. Feb. 20, 2004).   In Roig, just like in the present case, the plaintiff argued that Vega requires that the administrative record be deemed closed when the lawsuit was filed.   See id. at *3.   The Roig court rejected this argument finding that the administrative record closed when the final determination was rendered reasoning that the plaintiff filed her lawsuit before her appeal had been decided and the deadline for a decision had not passed.   See id. at *3, *6.   The Roig court also found that although the final determination was rendered after the plan administrator's deadline, the deadline was tolled by the plaintiff's filing of the lawsuit. See id. at *6.   The Roig court found that the additional burden of the lawsuit made tolling the deadline appropriate.   See id.

The court finds the Roig court's reasoning persuasive and consistent with the Fifth Circuit's policy of encouraging parties to settle disputes at the administrative level.   Accordingly, although Defendants' final determination was after the deadline, the deadline was tolled by Plaintiff's filing of this lawsuit.

Finally, the court notes that while Plaintiff objects to the length of the review process, ERISA "contemplate[s] an internal review process lasting about one year." Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 111 (2013).   Plaintiff filed her

9

claim in August 2017, and Defendants completed the internal review process in August 2018.  Thus, the length of the internal review of Plaintiff's claim was consistent with ERISA.  Defendants had until at least June 15, 2018, to render a final decision.  After Defendants issued a decision, Plaintiff could have supplemented the administrative record with any information she felt necessary to include.  Then, after giving Defendants a reasonable time to review the supplemented information, Plaintiff could have filed a lawsuit if her benefits remained denied and could have raised arguments regarding Defendants' non-compliance with ERISA.  This approach would have been consistent with the approach outlined in <u>Vega</u> and the Fifth Circuit's policy on resolving disputes at the administrative level.  Instead, Plaintiff filed her lawsuit early and now asks the court to close the administrative record before Defendants had rendered a final decision.  The court declines to due so.

Consistent with the above, the court finds that, currently, the administrative record ends on August 14, 2018, the date on which Defendants rendered their final decision.  The administrative record will consist of the evidence on which Defendants relied in making their decision and any relevant information made available to Defendants before the final determination was issued.  See <u>Vega</u>, 188 F.3d at 300; <u>Roig</u>, 2004 WL 325219 at *6.

The court realizes that this result may penalize Plaintiff for

the legal strategy of her attorney.  Accordingly, the court grants Plaintiff leave to file a motion for remand to the plan administrator within fourteen days of this order.  Upon remand, Plaintiff will be allowed to supplement the administrative record with any documents she believes are necessary.  The case would be temporarily stayed to give Defendants a "fair opportunity"[33] to consider the supplemented evidence.  See Vega, 188 F.3d at 300. After the plan administrator reconsiders a complete record, the parties may refile their motions for judicial review.  The court believes this order is consistent with the Fifth Circuit's policy of encouraging the parties to settle their dispute at the administrative level and with the court's role to conduct a review of a benefits determination rather than refereeing the administrative process for the parties.

## IV.  Conclusion

Based on the foregoing, the court **ORDERS** that Plaintiff's Motion to Limit the Scope of the Administrative Record is **DENIED** and **RECOMMENDS** that Plaintiff's motion for summary judgment and Defendants' Motion to Dismiss be **DENIED** at this time.  It is further **ORDERED** that Plaintiff may file a motion to remand for further consideration of the plan administrator within fourteen days of today's date.  If Plaintiff does not file a motion to

---

[33]     The court deems forty-five days to be a "fair opportunity."

remand within this time frame, Defendants may file a motion for summary judgment based on the existing record.

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of January, 2019.

_____

U.S. MAGISTRATE JUDGE